IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **S&A RESTAURANT CORP.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1550-L** |
| | § | |
| **GORDON LANE,** | § | |
| **JASON MORE,** and **JODY MORE**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint, filed April 30, 2007. After careful consideration of the motions, briefs, response, record, and applicable law, the court **denies** Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint.

### I. Procedural and Factual Background

This case arises out of a dispute involving repayment of a promissory note, which was allegedly guaranteed by several individuals. In 1999, Next Shift, LLC ("Next Shift") purchased from S & A Restaurant Corp. ("S & A" or " Plaintiff") two Bennigan's restaurants and exclusive development rights to a specific territory in the Baltimore, Maryland area. To fund the purchase, Next Shift borrowed $1,550,000 from S & A. The loan, which was evidenced by a promissory note (the "1999 Note"), was guaranteed by Jason [sic] and Jody More (the "Mores") and others (collectively, the "1999 Guaranties"). The Mores guaranteed up to $487,500 of the loan amount. The remaining balance of the 1999 Note became due on December 31, 2002. Neither Next Shift nor any of the guarantors paid this balance.

In December 2003, in return for $200,000, S & A agreed to restructure the 1999 Note. Plaintiff contends that the parties agreed that the restructured loan would be guaranteed by the original guarantors, but the total obligations under the new guaranties would be reduced to correspond with the new loan amount.

On January 1, 2004, pursuant to the parties' agreement, S & A restructured the loan, and Next Shift signed a new promissory note (the "2004 Note") for $964,923.98. The 2004 Note lowered the interest rate from 12.6 % to 9%, lowered the monthly installments from $18,353.82 to $9,786.90, and extended the loan term for ten years. Next Shift has not paid the 2004 Note as agreed, and neither it nor any of the guarantors have paid any portion of the remaining $874,967.57 balance. Plaintiff contends that the 2004 Note is guaranteed by the same individuals who guaranteed the 1999 Note. Plaintiff alleges that the Mores guaranteed up to $303,951 and that Lane guaranteed up to $50,176. The guaranties for the 2004 Note (collectively, the "2004 Guaranties"), however, indicate that they guarantee the obligations of Next Security, LLC. Plaintiff argues that this was a drafting error and that these guaranties cover Next Shift's obligations because (i) Next Security, LLC does not exist, (ii) the guaranties reference the 2004 Note - the only note S & A entered into on that day, and (iii) their amounts equal the amounts the parties agreed to in December 2003. The Mores contend that the 2004 Guaranties do not guarantee Next Shift's obligations because the 2004 Guaranties indicate that they guarantee the obligations of Next Security, LLC- not Next Shift.

Plaintiff brings this action based upon alternate theories of recovery and seeks either: (i) recovery under the 2004 Guaranties as they stand, (ii) reformation of the 2004 Guaranties to correct the name of the maker from Next Security, LLC to Next Shift, LLC and recovery under the reformed

2004 Guaranties, or (iii) recovery under the 1999 Guaranties. The Mores filed Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint on April 30, 2007.[1]

## II. Rule 12(b)(6) - Standard for Dismissal for Failure to State a Claim

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

---

[1] Jeff and Donna Odgers (the "Odgers") were originally parties to this motion. On May 24, 2007, however, the court dismissed with prejudice the claims against them.

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. Discussion

The Mores have filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In support of their motion, the Mores contend that the 2004 Guaranties do not satisfy the Statute of Frauds because they fail to identify the parties involved. Defs.' Mot. to Dismiss ¶ 12. The Mores, citing *Southwest Savings Ass'n v. Dunagan*, 392 S.W.2d 761 (Tex. Civ. App–Dallas 1965, writ ref'd n.r.e), also contend that parol evidence is inadmissible to identify the parties and that it cannot be used to reform a guaranty based on mutual mistake. *Id.* ¶¶ 12, 14. The Mores further contend that mistake is not a basis for avoiding the terms of an unambiguous contract and that, as a "favorite of the law," a guarantor's obligation cannot extend beyond what is nominated in the guaranty. *Id.* ¶¶ 14, 10.

In opposition to the Mores' motion to dismiss, S & A argues that parol evidence is admissible to clarify an ambiguous agreement and to show a mutual mistake. Pl.'s Resp. ¶¶ 8, 10. S & A also argues that the Mores' reliance on *Dunagan* is misplaced because the case does not stand for the proposition that parol evidence may not be introduced to show mutual mistake and it recognizes that "[t]he cardinal rule to be observed in the construction of guaranty contracts, like

those of other contracts, is to ascertain and give effect, whenever possible, to the real intention of the parties." *Id.* ¶ 11 (quoting *Dunagan*, 392 S.W.2d at 767). S & A further argues that the 2004 Guaranties satisfy the Statute of Frauds because they identify the parties involved. *Id.* ¶ 14. Additionally, S & A argues that a valid alternative cause of action exists for recovery under the 1999 Guaranties because they have not been canceled and remain enforceable unless they are superseded by valid and enforceable 2004 Guaranties. *Id.* ¶ 16. Accepting all well-pleaded facts in the complaint as true and viewing them in the light most favorable to S & A,[2] the court agrees with S & A.

### A. Recovery Under the 2004 Guaranties

Under Texas law, to establish a prima facie case for recovery under the guaranty, S & A must allege sufficient facts to show "(1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor." *Marshall v. Ford Motor Co.*, 878 S.W.2d 629 (Tex. App.–Dallas 1994, no writ). At issue in this case is whether a guaranty contract exists. A guaranty contract exists if the agreement reflects "(1) the parties involved, (2) a manifestation of intent to guaranty the obligation, and (3) a description of the obligation being guaranteed." *Park Creek Assocs., Ltd. v. Walker*, 754 S.W.2d 426, 429 (Tex.App.–Dallas 1988, writ denied). The Mores assert that the 2004 Guaranties fail to identify the

---

[2]Only "conclusory allegations and unwarranted deductions of fact in a complaint are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint." *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (citation omitted). Therefore, the Mores' argument that an exhibit "trumps" contradictory allegations in a complaint to which it is attached is an incomplete statement of the law.

**Memorandum Opinion and Order - Page 5**

parties involved.  S & A contends that they identify the parties involved, but the identification is ambiguous.

"Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered." *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex.1996) (citations omitted).  An ambiguity may be either patent or latent. *Ludwig v. Encore Med. L.P.*, 191 S.W.3d 285, 290 (Tex. App.–Austin 2006, no pet.).  "A patent ambiguity is evident on the face of the contract.  A latent ambiguity arises when a contract that is unambiguous on its face is applied to the relevant subject matter and an ambiguity appears by reason of some collateral matter." *Id.* (citing *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Centerpoint Energy Houston Elec., L.L.P. v. Old TJC Co.*, 177 S.W.3d 425, 431 (Tex. App.–Houston [1st Dist.] 2005, pet. denied).  The existence of an ambiguity creates a fact question and authorizes the court to consider parol evidence to ascertain the true intention of the parties as expressed in the agreement. *Id.* (internal citation omitted).  The focus then "shifts to the facts and circumstances under which the agreement was made." *Id.* (internal citation omitted).

The court determines that S & A alleges facts sufficient to show that a latent ambiguity exits as to the identity of the maker referenced in the guaranty agreement.  The guaranty executed by the Mores states:

> In consideration of S & A Restaurant Corp. ("HOLDER") accepting Next Security LLC's ("MAKER") promise to pay in that certain Promissory Note (the "Note") dated January 1, 2004, and for other good and valuable consideration, the undersigned, for themselves, their heirs, successors, and assigns, do individually hereby become surety and guaranty for the payment of all amounts and the performance of the covenants, terms and conditions of the Note, to be paid, kept and performed by the Maker; provided, however, undersigned's obligations shall not exceed the sum of $303,951.00.

**Memorandum Opinion and Order - Page 6**

Pl.'s 2d Am. Compl. Ex. D 10.  Although it appears on the face of the guaranty that the maker is Next Security, LLC, when this meaning is applied to the remainder of the guaranty, an ambiguity arises.  First, Next Security, LLC does not exist, and the parties never discussed the possibility that its obligations would be secured by the 2004 Guaranties.  Pl.'s 2d Am. Compl. ¶¶ 28, 32.  Second, the Mores were among the guarantors of the 1999 Note, and in December 2003, the parties agreed that the restructured loan would be guaranteed by the same guarantors who guaranteed the 1999 Note.  *Id.* ¶¶ 23, 32.  Third, the 2004 Guaranties reference a promissory note dated January 1, 2004.  Pl.'s 2d Am. Compl. Ex. D 10.  The only promissory note that S & A entered into on January 1, 2004 was between it and Next Shift.  Pl.'s 2d Am. Compl. ¶ 32.  Fourth, the parties agreed that the total obligations under the new guaranties would be reduced to correspond with the new loan amount.  *Id.* ¶ 27.  The 2004 Guaranties reflect the amounts agreed to by the parties in December 2003, including the proportionate reductions based on the reduced amount of the 2004 Note.  *Id.* ¶ 32.  The court determines that S & A alleges sufficient facts to show that a latent ambiguity exits as to the identity of the maker referenced in the guaranty agreement and that the true intent of the parties was that the maker was Next Shift.  The court next addresses the remaining arguments advanced by the Mores.

The Mores rely on *Dunagan* in support of their contention that parol evidence is inadmissible to identify the parties to a guaranty and cannot be used to reform a guaranty based on mutual mistake.  The court is not swayed by this argument.  In *Dunagan*, the unambiguous language of a guaranty referenced an obligation that never came into existence.  *Dunagan*, 392 S.W.2d at 767.  The holder of a guaranty sought to present parol evidence to show that a different obligation was substituted for the obligation referenced in the guaranty.  *Id.*  The court held that the parol evidence rule did not apply and that no substitution could be made for an obligation that never came into

**Memorandum Opinion and Order - Page 7**

existence. *Id.* The *Dunagan* court was faced with interpreting an unambiguous agreement. Here, as previously stated, the guaranty is ambiguous. Therefore, the reasoning in *Dunagan* does not apply to the facts of this case.

Because the court determines that the guaranty is ambiguous, several arguments advanced by the Mores no longer apply. The Mores' contention that mistake is not a basis for avoiding the terms of an unambiguous contract is of no moment. The Mores' reliance on the rule of *strictissimi juris* and the "favorite of the law" doctrine to argue that a guarantor's obligation cannot extend beyond what is nominated in the guaranty is similarly inapplicable. First, the rule of *strictissimi juris* applies only after the court determines the rights of the guarantor. *Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 943-44 (Tex. App.–Houston [1st Dist.] 1998, no writ.; *see Marshall v. Ford Motor Co.*, 878 S.W.2d at 631. The court determines the rights of the guarantors from the language of the guaranty. *Id.* at 631 (citing *Vastine v. Bank of Dallas*, 808 S.W.2d 463, 464 (Tex.1991) (other citation omitted). Once these rights are ascertained from the terms of the guaranty, the guarantor is entitled to have the agreement strictly construed, and the guaranty may not be extended beyond its precise terms by construction or implication. *Id.* Second, that the court determines that the 2004 Guaranties are ambiguous and seeks to ascertain the true intent of the parties in no way extends the guarantors' obligations beyond what is indicated in the 2004 Guaranties.

The court also determines that S & A alleges sufficient facts to defeat the remaining argument advanced by the Mores', that the 2004 Guaranties do not satisfy the Statute of Frauds. The Mores' contend that the 2004 Guaranties do not satisfy the Statute of Frauds because they fail to identify the parties involved. As S & A correctly points out, the 2004 Guaranties identify the parties involved, however, a drafting error misnames one of those parties.

**Memorandum Opinion and Order - Page 8**

A motion to dismiss addresses the adequacy of the pleadings. S & A has alleged sufficient facts that, if true, would establish that it held a guaranty for the obligations of Next Shift for which the Mores were guarantors and that neither Next Shift nor the Mores paid the underlying note in full. Accordingly, the court **denies** Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint as to S & A's claim for recovery under the 2004 Guaranties.

### B. Reformation of the 2004 Guaranties

If a contract fails to reflect the parties' agreement due to a mutual mistake made in preparing a written instrument, the court may reform the instrument to accurately reflect the parties' agreement. *Gilbane Bldg. Co. v. Keystone Structural Concrete, Ltd.*, –S.W.3d –, 2007 WL 2130373 * 7 (Tex. App.– Houston [1st Dist.] 2007, no pet.). A mutual mistake is a mistake common to both parties to a contract, each laboring under the same misconception. *Id.* Two elements must be established to reform a contract: (1) an original agreement, and (2) a mutual mistake, made after the original agreement, in reducing the original agreement to writing. *Tribble & Stephens Co. v. RGM Constructors, L.P.*, 154 S.W.3d 639, 659 (Tex. App.–Houston [14th Dist.] 2004, pet. denied) (citing *Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987)). Therefore, a mutual mistake occurred only if the parties originally agreed that the 2004 Guaranties secured Next Shift's obligations, and Next Security was inadvertently entered for Next Shift when the agreement was reduced to writing.

S & A alleges the following:

- Next Security, LLC does not exist. Pl.'s 2d Am. Compl. ¶ 28.
- The parties never discussed the possibility that Next Security's obligations would be secured by the 2004 Guaranties. *Id.* ¶ 28.
- The Mores were among the guarantors of the 1999 Note. *Id.* ¶ 23.

**Memorandum Opinion and Order - Page 9**

- In December 2003, the parties agreed that the restructured loan would be guaranteed by the same guarantors who guaranteed the 1999 Note. *Id.* ¶ 32.

- The 2004 Guaranties reference a promissory note dated January 1, 2004. Pl.'s 2d Am. Compl. Ex. D 10.

- The only promissory note that S & A entered into on January 1, 2004 was between it and Next Shift. Pl.'s 2d Am. Compl. ¶ 32.

- The parties agreed that the total obligations under the new guaranties would be reduced to correspond with the new loan amount. *Id.* ¶ 27.

- The 2004 Guaranties reflect the amounts agreed to by the parties in December 2003, including the proportionate reductions based on the reduced amount of the 2004 Note. *Id.* ¶ 32.

- Because of a drafting error, Next Security, LLC was inadvertently entered for Next Shift when the agreement was reduced to writing. *Id.* ¶ 31.

Therefore, S & A has alleged sufficient facts that, if true, would establish a mutual mistake in preparing the guaranty. Accordingly, the court **denies** Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint as to S & A's claim for reformation and recovery under the 2004 Guaranties.

### C. Recovery Under the 1999 Guaranties

Rescission is an equitable remedy that sets aside a legally valid contract that is otherwise blemished by fraud or mistake and avoids unjust enrichment. *Barker v. Roelke*, 105 S.W.3d 75, 84 (Tex. App.–Eastland 2003, no pet.). In certain instances "a party may raise a fact issue for the trier of fact to set aside a [contract] under the doctrine of mutual mistake." *Id.* The decision to grant rescission is within the sound discretion of the trial court. *Id.*

In this regard, the Mores argue that "the 1999 Guaranties are limited 'solely' to the 1999 Note." Defs.' Mot. to Dismiss ¶ 15. The Mores provide no argument, however, as to why S & A's complaint fails to state a claim for rescission of the 1999 Note and 1999 Guaranties. The court has previously determined that S & A has alleged sufficient facts that, if true, would establish a mutual mistake in preparing the guaranty. The court does not evaluate S & A's likelihood of success; instead, it only determines whether it has a legally cognizable claim. Therefore, S & A has alleged sufficient facts which would entitle it to relief on its rescission claim. Accordingly, the court **denies** Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint as to S & A's claim for recovery under the 1999 Guaranties.

### IV.     Conclusion

For the reasons stated herein, assuming all facts alleged in S & A's complaint to be true and resolving every doubt in favor of S & A (*see Lowrey*, 117 F.3d at 247), the court determines that the complaint sufficiently alleges a claim for breach of the 2004 Guaranties, reformation and breach of the reformed 2004 Guaranties, and breach of the 1999 Guaranties. It cannot be said "beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley*, 355 U.S. at 45-46. Accordingly, the court **denies** Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint.

**It is so ordered** this 18th day of December, 2007.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge